UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JUSTIN POUR,<br><br>Plaintiff,<br><br>v.<br><br>UTAH ARMY NATIONAL GUARD, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**(DOC. NO. 20)**<br><br>Case No. 2:25-cv-00281<br><br>Magistrate Judge Daphne A. Oberg |

Justin Pour filed this action without an attorney and without paying the filing fee.[1] Mr. Pour now requests the appointment of counsel.[2]  Because Mr. Pour does not justify the appointment of counsel, the motion is denied.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5]  Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford

---

[1] (*See* Redacted Compl., Doc. No. 8; Order Granting Mot. to Waive Filing Fee, Doc. No. 9.)

[2] (Mot. for Appointment of Counsel (Mot.), Doc. No. 20.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

counsel." When deciding whether to appoint a lawyer, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[6]

Mr. Pour addresses each of these factors in his motion and argues they are met.[7] He asserts the legal issues are complex because he brings federal constitutional claims.[8] He argues the case also presents complex factual issues, including that exculpatory evidence has been lost or destroyed on an iPhone, documents require forensic examination, and there are numerous witnesses.[9] And he contends his lack of legal education and experience impairs his ability to effectively prosecute this case.[10] Finally, he provides a detailed explanation for why he believes his case is meritorious.[11]

Considering these factors and Mr. Pour's arguments, appointment of counsel is unjustified. Mr. Pour is correct that constitutional claims, such as his, may present complex legal issues. But pro se parties commonly bring constitutional claims and are routinely required to litigate those claims without appointed counsel in civil cases. This case does not appear to involve claims of unusual complexity compared to those

---

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).

[7] (Mot. 3–4, Doc. No. 20.)

[8] (*Id.* at 3.)

[9] (*Id.* at 3–4.)

[10] (*Id.*)

[11] (*Id.* at 4–5.)

routinely litigated by pro se parties.  Likewise, the factual issues do not appear unusually complex: Mr. Pour's claims relate to a discrete series of events surrounding his separation from the Utah Army National Guard.  And it is not yet apparent whether the case is meritorious.  Finally, Mr. Pour's lack of legal education and experience does not justify the appointment of a lawyer, where the same is true of most unrepresented litigants.  Indeed, Mr. Pour appears capable of prosecuting his claims, based on a review of his filings to date in this case.

For these reasons, Mr. Pour's motion for appointment of counsel[12] is denied.

DATED this 30th day of March, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[12] (Doc. No. 20.)