UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JUSTIN POUR,<br><br>Plaintiff,<br><br>v.<br><br>UTAH ARMY NATIONAL GUARD; NOE S. VASQUEZ; RICHARD M. JOHNSON; SAMUEL R. KNIGHT; MICHAEL HOLM; JOHN DZIECIOLOWSKI; BRIAN KOKA; DANIEL K. DYGERT; GOUD MARAGANI; TIMONTHY TAYLOR; DAVID ALLEN MABEY; PENNY MCCARTHY; NAOMI L. CHIPMAN; DANIEL D. BOYAK; and BRIAN PRUSSE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 28)**<br><br>Case No. 2:25-cv-00281<br><br>Magistrate Judge Daphne A. Oberg |

After he was criminally charged with sexual assault of a minor, the Utah Army National Guard began separation proceedings against Justin Pour, an enlisted member. Even after his charges were dismissed, the National Guard gave Mr. Pour an "other than honorable" discharge. Mr. Pour challenges this discharge, seeking damages and reinstatement.[1] Specifically, he brings claims against the Utah Army National Guard and various National Guard officers and members under the Uniformed Services Employment and Reemployment Rights Act[2] (USERRA) and the United States and

[1] (*See* Am. Compl., Doc. No. 21.)

[2] 38 U.S.C. §§ 4301–4335.

Utah Constitutions.[3] The defendants have moved to dismiss these claims for lack of jurisdiction and failure to state a claim.[4]

The motion to dismiss is granted.[5] Sovereign immunity, Eleventh Amendment immunity, and the *Feres* doctrine bar Mr. Pour's federal constitutional claims. Accordingly, these claims are dismissed without prejudice for lack of jurisdiction. Mr. Pour's USERRA claims are dismissed with prejudice for failure to state a claim. And the court will not exercise jurisdiction over Mr. Pour's state law claim, where all the federal claims are dismissed.

## LEGAL STANDARDS

If a court lacks subject-matter jurisdiction over a case or claim, it must dismiss it.[6] Parties can challenge subject-matter jurisdiction facially or factually.[7] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[8] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to

---

[3] (*See* Am. Compl., Doc. No. 21.)

[4] (Defs.' Mot. to Dismiss Pl.'s Am. Compl. for Lack of Jurisdiction & Failure to State a Claim Upon Which Relief May Be Granted (Mot.), Doc. No. 28.)

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 16.)

[6] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Fed. R. Civ. P. 12(b)(1) (permitting a motion to dismiss "for lack of subject-matter jurisdiction").

[7] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[8] *Id.* (internal quotation marks omitted).

challenge the court's jurisdiction."[9] The defendants bring a facial attack. They rely only on the allegations in the amended complaint—and on attachments to the original complaint (including state court records) which are subject to judicial notice.[10] When a party brings a facial attack, the standards applicable to a Rule 12(b)(6) motion apply, meaning the court accepts the allegations in the complaint as true.[11]

To survive dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[12] Courts accept well-pleaded factual allegations as true, viewing them and drawing reasonable inferences in the plaintiff's favor.[13] But courts do not need to accept a plaintiff's conclusory allegations as

---

[9] *Id.* (internal quotation marks omitted).

[10] *See Brown v. City of Tulsa*, 124 F.4th 1251, 1263–64 (10th Cir. 2025) (explaining "documents attached to the complaint as exhibits" and "matters subject to judicial notice" are exceptions to the rule that courts must only review the complaint on a motion to dismiss); *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (unpublished) (noting facts subject to judicial notice include "another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand").

[11] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[12] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *see also* Fed. R. Civ. P. 12(b)(6) (permitting a motion to dismiss for "failure to state a claim upon which relief can be granted").

[13] *See Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

true.[14] "[A] plaintiff must offer specific factual allegations to support each claim."[15] "Threadbare recitals" or conclusory statements are insufficient.[16]

Because Mr. Pour proceeds pro se (without an attorney), his filings are liberally construed.[17] But pro se plaintiffs must still follow the procedural rules.[18] For instance, a pro se plaintiff must allege "sufficient facts on which a recognized legal claim could be based."[19] Simply put, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20]

---

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Court records bearing directly on a plaintiff's claims are subject to judicial notice. *See Brown*, 124 F.4th at 1263–64. They may be considered without converting a Rule 12(b)(6) motion to a motion for summary judgment. *See Hodgson*, 675 F. App'x at 840–41.

[17] *Hall*, 935 F.2d at 1110.

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[20] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## BACKGROUND[21]

During Mr. Pour's enlistment with the Utah Army National Guard,[22] state civilian authorities charged him with several counts of sexual assault of a minor, and he was detained in a county jail.[23] Mr. Pour denied the charges and maintained his innocence.[24] While these charges were pending, the National Guard began separation proceedings against him.[25] During these proceedings, Mr. Pour complained about his inability to obtain a copy of the alleged victim's video interview.[26] A military judge, defendant Daniel K. Dygert, denied Mr. Pour's requests to obtain the video and to delay a separation board hearing.[27] The prosecutors in the state case later dropped the criminal charges.[28] Despite this, the National Guard pursued separation, ultimately

---

[21] The following facts are from the amended complaint and attachments to the original complaint, including state court records and National Guard records. The court takes judicial notice of these records. *See Brown*, 124 F.4th at 1263–64; *Hodgson*, 675 F. App'x at 840–41.

[22] (Am. Compl. ¶ 7, Doc. No. 21.)

[23] (*See id.* ¶ 25; Ex. B to Compl., Information, *State of Utah v. Justin Tyrese Pour*, No. 221300345 (Utah 3d Dist. Ct., filed June 1, 2022), Doc. No. 8-2.)

[24] (Am. Compl. ¶ 25, Doc. No. 21.)

[25] (*Id.* ¶¶ 25, 28.)

[26] (*Id.* ¶¶ 65, 73.)

[27] (*See* Ex. Q to Compl., Doc. No. 8-17 at 14–15.)

[28] (*See* Am. Compl. ¶¶ 32, 53, Doc. No. 21; Ex. H to Compl., Preliminary Hearing Minutes, *State of Utah v. Justin Tyrese Pour*, No. 221300345 (Utah 3d Dist. Ct., filed Jan. 11, 2024), Doc. No. 8-8.)

discharging Mr. Pour under "other than honorable" conditions.[29] In discharging him, Mr. Pour alleges, the defendants "departed from established reasoning and the rule of law," failed to consider his constitutional presumption of innocence, and "did not provide any evidence that [he] committed any crimes."[30]

Mr. Pour brings claims under USERRA for: unlawful discharge, discrimination, hostile work environment, demotion, denial of benefits, and breach of employment contract (claims 1 through 6).[31] He also brings claims under the U.S. Constitution: "defamation" under the First Amendment (claim 7); violation of procedural due process under the Fifth and Fourteenth Amendments (claims 8 and 9); violations of substantive due process and equal protection under the Fourteenth Amendment (claims 10 and 11); and "failure to intervene" under the Fourteenth Amendment (claim 12).[32] Finally, he brings a claim under the Utah Constitution (claim 13).[33] Mr. Pour seeks damages, reinstatement and correction of his military record, and a judgment declaring that the defendants violated his rights under USERRA and the federal and state constitutions.[34]

---

29 (*See* Am. Compl. ¶¶ 32, 81–82, Doc. No. 21.)

30 (*Id.* ¶¶ 32, 88.)

31 (*Id.* at pp. 15–20.) Mr. Pour brings his claims against the National Guard, Daniel Boyak (the state adjutant general), and various Guard officers and members allegedly involved in his discharge. (*See id.* ¶¶ 8–22 (identifying each defendant's rank); *id.* ¶¶ 34–86 (detailing each defendant's involvement).)

32 (*Id.* at pp. 20–26.)

33 (*Id.* at 26.)

34 (*Id.* at 27.)

## DISCUSSION

I. Defendants' Dual Federal/State Status and Nature of Claims

As an initial matter, it is helpful to outline the defendants' dual federal and state status, and the nature of Mr. Pour's claims against the individual defendants.

The National Guard has "dual status": it is simultaneously "a Reserve component of the Army" and "a State military force subject to call-up by the State Governor for duty not subject to Federal control, such as emergency duty in cases of floods or riots."[35] Likewise, "members of the National Guard hold dual enlistments in both a state militia (a State national guard) and a federal force (the National Guard of the United States)."[36] In his amended complaint, Mr. Pour identifies the individual defendants as officers or members of the National Guard.[37] Although he does not specify whether he is suing them in their state or federal capacities, he identifies the National Guard's dual status.[38] Liberally construed, the amended complaint contains claims against the defendants in their dual status/capacities.

Notably, however, the United States has not been served or appeared in this action. Because the court waived Mr. Pour's filing fee under 28 U.S.C. § 1915, the

---

[35] 20 C.F.R. § 1002.57; *see also Hanson v. Wyatt*, 552 F.3d 1148, 1151 (10th Cir. 2008) ("The National Guard is a state/federal hybrid.").

[36] *Hanson*, 552 F.3d at 1151.

[37] (Am. Compl. ¶¶ 9–22, Doc. No. 21.)

[38] (*See id.* ¶ 8 (noting the National Guard "is an instrumentality of the State of Utah and a component of the United States Military").)

court is responsible for service of process.[39] After the Utah State Attorney General's Office waived service on behalf of the defendants,[40] it filed its motion to dismiss on their behalf. In other words, the defendants have appeared and defended this case in their state status/capacities. But Mr. Pour did not request, and the court did not order, service on the United States. Despite this, the court reviews the sufficiency of Mr. Pour's claims against the defendants in their federal status/capacities. Under § 1915, a court may dismiss a case sua sponte (on its own) if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[41] In addition, the court has an independent duty to investigate subject-matter jurisdiction.[42] Mr. Pour's claims against the defendants in their federal capacities are addressed on these grounds.

Finally, Mr. Pour does not specify whether he is suing the individual defendants in their official or individual capacities. In their motion, the defendants argue Mr. Pour only brings official capacity claims because he alleges actions within the scope of their duties.[43] But state officials may "be sued in their individual capacities for actions

---

[39] *See* 28 U.S.C. § 1915(d).

[40] (*See* Order Granting Mot. to Waive Filing Fee and Lifting Stay, Doc. No. 9.)

[41] 28 U.S.C. § 1915(e)(2)(ii)–(iii).

[42] *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (internal quotation marks omitted)).

[43] (Mot. 17, Doc. No. 28.)

performed in the course of their official duties and are personally liable for damages awarded."[44] In other words, Mr. Pour can bring individual-capacity claims for actions falling within the scope of official duties. And in his opposition, Mr. Pour clarified his intent to do so.[45] Liberally construed, Mr. Pour's amended complaint contains claims against the individual defendants in both their official and individual capacities.

With these clarifications, the defendants' motion to dismiss is addressed first—as to Mr. Pour's claims against the defendants in their state status/capacities. Next, Mr. Pour's claims against the defendants in their federal status/capacities are reviewed under § 1915. All claims must be dismissed.

II. Motion to Dismiss

The defendants contend Mr. Pour's federal constitutional claims should be dismissed for lack of jurisdiction based on Eleventh Amendment immunity and the *Feres* doctrine.[46] They also argue Mr. Pour fails to allege any constitutional violation and they are entitled to qualified immunity.[47] And they contend Mr. Pour fails to state a cognizable claim under USERRA.[48] Each issue is addressed in turn.[49]

---

[44] *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

[45] (Pl.'s Resp. to [Defs.'] Mot. to Dismiss Am. Compl. (Opp'n) 3, Doc. No. 31.)

[46] (*See* Mot. 14–18, Doc. No. 28.)

[47] (*See id.* at 18–23.)

[48] (*See id.* at 11–14.)

[49] The defendants also argue Mr. Pour's claim under the Utah Constitution must be dismissed based on Eleventh Amendment immunity and for failure to state a claim. (*Id.*

*A. Eleventh Amendment immunity bars § 1983 claims against the National Guard. It also bars official-capacity claims for damages and retrospective relief against the individual defendants in their state capacities.*

The defendants argue Eleventh Amendment immunity bars Mr. Pour's federal constitutional claims against the National Guard and the individual defendants in their official capacities.[50] This is true for all but Mr. Pour's official-capacity § 1983 claims for reinstatement. As a request for prospective equitable relief, a claim seeking reinstatement is not barred by Eleventh Amendment immunity.

First, while the amended complaint does not refer to 42 U.S.C. § 1983, the defendants characterize Mr. Pour's federal constitutional claims (claims 7 through 12) as § 1983 claims.[51] Not disputing this characterization, Mr. Pour argues claims 7 through 12 are plausible under § 1983.[52] Where § 1983 provides a recovery mechanism for violations of federal rights by state actors, this characterization makes sense.[53] Accordingly, the court construes Mr. Pour's federal constitutional claims against the defendants in their state capacities as § 1983 claims.

---

at 23–25.) These arguments are not addressed because the court declines to exercise jurisdiction over Mr. Pour's state law claim.

[50] (*See* Mot. 15–18, Doc. No. 28.)

[51] (*Id.* at 14.)

[52] (Opp'n 3–4, Doc. No. 31.)

[53] *See* 42 U.S.C. § 1983; *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (noting § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred" (citation omitted)).

The Eleventh Amendment prohibits suits against states and agencies acting as "arms of the state."[54] A state's National Guard is an "arm of the state" entitled to Eleventh Amendment immunity.[55] A state official sued in an official capacity "may also assert Eleventh Amendment immunity as an arm of the state."[56] In other words, the National Guard (in its state status) and the individual defendants (in their official, state capacities) are entitled to Eleventh Amendment immunity—unless an exception applies.

Eleventh Amendment immunity shields states and state officers in their official capacities unless: (1) a state consents to suit in federal court; (2) Congress abrogates the states' Eleventh Amendment immunity; or (3) the doctrine of *Ex parte Young*[57] applies, allowing suit for prospective relief against state officers in their official capacities for an ongoing violation of federal law.[58] But the *Ex Parte Young* exception only applies to prospective injunctive or equitable relief. It does not apply to claims for monetary damages or retrospective declaratory relief.[59] The first two immunity

---

[54] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (citation omitted); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state.").

[55] *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1493 (10th Cir. 1983) (holding the Kansas Army National Guard was "an arm of the state and entitled to any immunity which the state possesses").

[56] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal quotation marks omitted).

[57] 209 U.S. 123 (1908).

[58] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012);

[59] *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004); *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) ("The Eleventh Amendment does not permit

exceptions do not apply to Mr. Pour's § 1983 claims.[60] Mr. Pour does not contend the state or the defendants consented to be sued.[61] And Congress has not abrogated state sovereign immunity under § 1983.[62]

As for the third exception, *Ex parte Young* does not apply to Mr. Pour's claims against the National Guard. It also does not apply to his official-capacity claims for damages and declaratory relief for past constitutional violations. That is to say, Eleventh Amendment immunity bars Mr. Pour's § 1983 claims seeking these forms of relief against official-capacity defendants—and his § 1983 claims against the National Guard itself. Where no immunity exceptions apply, these claims are dismissed without prejudice for lack of jurisdiction.[63]

---

judgments against state officers declaring that they violated federal law in the past." (internal quotation marks omitted)).

[60] Eleventh Amendment immunity does not apply to Mr. Pour's USERRA claims. USERRA provides a private right of action against state employers, *see* 38 U.S.C. § 4323, and states may not invoke sovereign immunity to block such claims, *Torres v. Tex. Dep't of Pub. Safety*, 597 U.S. 580, 584 (2022).

[61] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) (explaining in § 1983 action that "Utah has not waived its Eleventh Amendment immunity by statute").

[62] *See Will*, 491 U.S. at 66; *Davis v. California*, 734 F. App'x 560, 564 (10th Cir. 2018) (unpublished).

[63] *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (noting that because Eleventh Amendment immunity is jurisdictional, dismissal on this ground must be without prejudice).

But Mr. Pour also seeks reinstatement, "a form of prospective equitable relief that is within the doctrine of *Ex parte Young*."[64] Because it falls within an exception, Eleventh Amendment immunity does not bar Mr. Pour's official-capacity § 1983 claims for reinstatement. Even so, the *Feres* doctrine (addressed next) does bar them.

*B. The* Feres *doctrine bars Mr. Pour's individual-capacity § 1983 claims and his official-capacity § 1983 claims for reinstatement.*

The defendants argue Mr. Pour's individual-capacity constitutional claims must be dismissed because: 1) they are nonjusticiable under the *Feres* doctrine, 2) Mr. Pour does not adequately allege a constitutional violation, and 3) the defendants are entitled to qualified immunity.[65] The first argument is correct; the others need not be addressed. The *Feres* doctrine bars both Mr. Pour's individual-capacity § 1983 claims and his official-capacity § 1983 claims for reinstatement.

The *Feres* doctrine "prevents courts from second-guessing military decision-making and interfering in matters reserved for the political branches of government."[66] In *Feres v. United States*,[67] the Supreme Court ruled that the federal government is not liable for military personnel's injuries under the Federal Tort Claims Act, "where the injuries arise out of or are in the course of activity incident to service."[68]

---

[64] *Meiners*, 359 F.3d at 1232.

[65] (*See* Mot. 15–16, 18–23, Doc. No. 28.)

[66] *Newton v. Lee*, 677 F.3d 1017, 1026 (10th Cir. 2012).

[67] 340 U.S. 135 (1950).

[68] *Newton*, 677 F.3d at 1024 (emphasis omitted) (quoting *Feres*, 340 U.S. at 146).

"Courts have since extended *Feres*'s 'incident to service' test to bar a range of damages actions against military and civilian officials."[69] This includes individual-capacity claims against military officers based on alleged constitutional violations.[70] And it applies to § 1983 claims against state National Guard officers.[71] In *Martelon v. Temple*,[72] for example, the *Feres* doctrine barred a plaintiff's claim that state National Guard officials violated his constitutional rights by terminating him.[73] It also bars § 1983 claims seeking reinstatement to the National Guard.[74] If the *Feres* doctrine applies, the court lacks subject-matter jurisdiction.[75]

The *Feres* doctrine applies here. Plainly, Mr. Pour's § 1983 claims relate to his service as a member of the National Guard. Like *Martelon*, he alleges National Guard officials violated his constitutional rights by discharging him. This means the "incident to

---

[69] *Id.*

[70] *See Roberts v. Callahan*, 30 F. App'x 772, 773 (10th Cir. 2002) (unpublished) (affirming Rule 12(b)(1) dismissal under the *Feres* doctrine for a *Bivens* claim asserted against a military officer in his individual capacity); *Walden v. Bartlett*, 840 F.2d 771, 773 (10th Cir. 1988) (holding *Feres* applies to any damages action based on constitutional violations by military officials that meets the "incident to service" test).

[71] *Martelon v. Temple*, 747 F.2d 1348, 1351 (10th Cir. 1984).

[72] 747 F.2d 1348.

[73] *Id.* at 1350–51.

[74] *See Oram v. Alsip*, No. 94-6009, 1994 U.S. App. LEXIS 30526, at 7 & n.3 (10th Cir. Nov. 2, 1994) (unpublished) (noting a "request for reinstatement would require [the court] to intrude on a province committed to the military's discretion" (citation omitted)).

[75] *Maddick v. United States*, 978 F.2d 614, 615 (10th Cir. 1992); *see also Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir. 2002) (noting dismissals under the *Feres* doctrine fall under Rule 12(b)(1)).

service" test is met,[76] and the *Feres* doctrine bars his claims—including his claims for reinstatement.[77] Accordingly, Mr. Pour's § 1983 claims against the defendants in their individual capacities, and his official-capacity claims for reinstatement, are dismissed without prejudice for lack of jurisdiction.

*C. Mr. Pour fails to state a claim under USERRA.*

The defendants argue Mr. Pour fails to state a claim under USERRA because this statute does not protect military employment—it only protects servicemembers' civilian employment rights.[78] They also argue Mr. Pour was not a protected servicemember under USERRA while serving in the National Guard under state (rather than federal) authority.[79] In response, Mr. Pour contends USERRA applies to "any employer" and protects him from unlawful discharge by the National Guard.[80] While Mr. Pour likely qualifies as a protected servicemember, the defendants are correct that Mr. Pour fails to state a cognizable USERRA claim.

---

[76] *See Newton*, 677 F.3d at 1027 (noting the *Feres* doctrine's "incident to service" test encompasses, "at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military" (emphasis omitted) (quoting *Pringle v. United States*, 208 F.3d 1220, 1223–24 (10th Cir. 2000))).

[77] *See Oram*, 1994 U.S. App. LEXIS 30526, at 7 & n.3 (finding *Feres* barred § 1983 claims seeking reinstatement in the National Guard). Mr. Pour also requests correction of his military record, but he does not specify any correction other than "restoring his former position and rank." (Am. Compl. at p. 27, Doc. No. 21.) Where this is entwined with his reinstatement request, it is rejected for the same reason.

[78] (Mot. 11–14, Doc. No. 28.)

[79] (*Id.* at 13–14.)

[80] (*See* Opp'n 2–3, Doc. No. 31.)

USERRA's purpose is to "encourage service in the uniformed services by eliminating or minimizing the disadvantages to *civilian careers and employment* which can result from such service."[81] The statute prohibits "an employer" from denying military servicemembers "initial employment, reemployment, retention in employment, promotion, or any benefit of employment" on the basis of the employee's membership or service in the United States military.[82] "Employer" includes the "Federal Government" and "a State."[83] And "Federal Government" incorporates "any Federal executive agency,"[84] including "any military department . . . with respect to the *civilian employees* of that department."[85] In other words, the U.S. military is only an "employer" under USERRA with respect to civilian employees, not servicemembers. Accordingly, the defendants are correct: a servicemember cannot challenge a discharge by the U.S. military under USERRA.

But the National Guard has dual status, making it necessary to consider whether it qualifies as a state employer under USERRA. The statute's definition of "employer" includes "a State,"[86] without express limitation to civilian employees. But the defendants contend Mr. Pour's claim still fails because USERRA does not protect

---

[81] 38 U.S.C. § 4301(a)(1) (emphasis added).

[82] *Id.* § 4311(a), (c).

[83] *Id.* § 4303(4)(A)(ii)–(iii).

[84] *Id.* § 4303(6).

[85] *Id.* § 4303(5)(A)(v) (emphasis added).

[86] *Id.* § 4303(4)(A)(iii).

National Guard service under state authority.[87] They point to a regulation stating: "National Guard members may perform service under either Federal or State authority, but only Federal National Guard service is covered by USERRA."[88] They also argue Mr. Pour served under State authority (the authority of the Utah governor) and he does not allege he had "federal status."[89]

The defendants' argument conflicts with the regulation they cite and with USERRA's provisions. First, under the regulation at issue, service under federal authority includes "active duty performed under Title 10 of the United States Code" and "duty under Title 32 of the United States Code, such as active duty for training, inactive duty training, or full-time National Guard duty."[90] Title 32 service encompasses traditional Guard members who attend weekend and annual trainings, as well as fulltime Guard members under the command of a state governor.[91] This is distinguished from "state active duty" status, where a governor activates Guard members to respond to a state emergency.[92] Not only that, USERRA has been amended to protect not only

[87] (Mot. 13–14, Doc. No. 28.)

[88] 20 C.F.R. § 1002.57.

[89] (Mot. 13, Doc. No. 28.)

[90] 20 C.F.R. § 1002.57.

[91] *See* National Guard Bureau Fact Sheet, National Guard Duty Statuses, https://www.nationalguard.mil/Portals/31/Resources/Fact%20Sheets/NGB-Fact-Sheet-Duty-Status-Reference-FINAL.pdf [https://perma.cc/EX98-DVTV].

[92] *See id.*; *Mueller v. City of Joliet*, 943 F.3d 834, 837 (7th Cir. 2019) (noting 20 C.F.R. § 1002.57 "serves to clarify that USERRA does not protect National Guard service in

"inactive duty training" and "full-time National Guard duty," but also "state active duty" service in some circumstances.[93] In other words, the defendants' contention—that Mr. Pour could not qualify for USERRA protection if he served under the authority of the state governor—is incorrect.

Mr. Pour's allegations suggest he qualified for USERRA protection. Specifically, Mr. Pour alleges he was an "enlisted member of the Utah Army National Guard" from May 23, 2014, to July 17, 2024.[94] This suggests he served under Title 32. And Mr. Pour does not claim the governor activated him to respond to a state emergency (as required for "state active duty" service). But even "state active duty" service could still be covered under USERRA. In short, the defendants fail to show Mr. Pour was not a protected servicemember.

Still, Mr. Pour does not point to any legal authority allowing a servicemember to challenge a National Guard (or other military) discharge under USERRA. The express purpose of the statute is to protect servicemembers' "civilian careers and

---

'State Active Duty,'" but "[b]oth USERRA and the regulation state, in plain language, that Title 32 full-time National Guard duty is covered.").

[93] *See* 38 U.S.C. § 4303(13) (defining "service in the uniformed services" to include "full-time National Guard duty, State active duty for a period of 14 days or more, State active duty in response to a national emergency declared by the President under the National Emergencies Act," and "State active duty in response to a major disaster declared by the President under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act").

[94] (Am. Compl. ¶ 7, Doc. No. 21.)

employment."[95] And nothing in the statute's text provides a mechanism for challenging a state military discharge.[96] Even assuming the National Guard, as a state military force, qualifies as an "employer" under USERRA, Mr. Pour has not alleged facts showing "his military membership was a motivating factor in the adverse employment action."[97] To be sure, he asserts that "termination of [his] employment was motivated, in whole or in part, by [his] military service and/or performance of military duty."[98] But his statement is conclusory. He does not support it with factual development. Mr. Pour challenges his discharge *from* National Guard service; he does not allege the Guard terminated him *because of* his military membership. (An allegation that the National Guard discharged him because of his Guard membership would be absurd.) Instead, Mr. Pour alleges the National Guard improperly dismissed him because of state criminal charges which were later dismissed.

For all these reasons, Mr. Pour fails to state a plausible USERRA claim against the National Guard in its state status. Mr. Pour cannot prevail under USERRA on the

---

[95] 38 U.S.C. § 4301(a)(1).

[96] *Cf. Sutton v. City of Chesapeake*, 713 F. Supp. 2d 547, 553 (E.D. Va. 2010) ("USERRA only applies to military service members that have a civilian career.").

[97] *Porter v. Trans States Holdings*, Inc., No. 24-1486, 2025 U.S. App. LEXIS 34105, at *10 (10th Cir. Dec. 31, 2025) (unpublished).

[98] (Am. Compl. ¶ 89, Doc. No. 21; *see also id.* ¶ 94 ("The Plaintiff's military service was a motivating factor in the Defendant's discriminatory treatment of the Plaintiff").)

facts alleged. And any attempt to amend these claims would be futile.[99] Accordingly, the USERRA claims are dismissed with prejudice.

*D. Conclusion*

In sum, Mr. Pour's federal claims against the National Guard in its state status and his claims against the individual defendants in their state capacities are dismissed. His federal constitutional claims under § 1983 are dismissed without prejudice for lack of jurisdiction. And his USERRA claims are dismissed with prejudice for failure to state a claim.

III. Review of Federal-Capacity Claims Under 28 U.S.C. § 1915

To the extent Mr. Pour brings his claims against the defendants in their federal status and capacities, his claims must be dismissed under 28 U.S.C. § 1915(e).[100] Sovereign immunity and the *Feres* doctrine bar these claims.

The United States and its agencies enjoy sovereign immunity from suit absent an express waiver.[101] "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."[102] USERRA does

[99] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted)).

[100] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (permitting sua sponte dismissal if a plaintiff proceeding under § 1915 fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief").

[101] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[102] *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

not contain a waiver applicable to Mr. Pour's claims. Remember, while USERRA generally permits suits against federal employers, the U.S. military only qualifies as an "employer" under USERRA with respect to civilian employees, not servicemembers.[103] Accordingly, USERRA does not waive federal sovereign immunity as to Mr. Pour's challenge to his military discharge.

As for constitutional claims, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[104] the Supreme Court recognized an implied cause of action against federal officials for constitutional violations.[105] But "a *Bivens* claim can be brought only against federal officials in their individual capacities."[106] The *Bivens* Court did not recognize a waiver of sovereign immunity for damages claims against federal agencies or officials sued in their official capacities.[107] Accordingly, sovereign immunity bars Mr. Pour's federal constitutional claims against the National Guard and the individual defendants in their official, federal capacities. As to individual-capacity

[103] *See* 38 U.S.C. § 4303(4)(A)(ii) (defining "employer" to include the "Federal Government"); *id.* § 4303(6) (defining "Federal Government" to include "any Federal executive agency"); *id.* § 4303(5)(A)(v) (defining "Federal executive agency" to include "any military department . . . with respect to the *civilian employees* of that department" (emphasis added)).

[104] 403 U.S. 388 (1971).

[105] *See id.* at 389.

[106] *Smith v. United States*, 561 F.3d at 1099.

[107] *See id.* ("*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." (citations omitted)).

claims, recall the *Feres* doctrine. It bars *Bivens* claims brought by servicemembers for injuries incident to service.[108]

To be sure, a plaintiff challenging a military discharge may have some avenues for judicial review.[109] Specifically, relief might be available under the Tucker Acts[110] or the Administrative Procedure Act[111] (APA).[112] But Mr. Pour's amended complaint cannot be reasonably construed as asserting claims under the Tucker Acts or APA. He does not name the United States as a defendant, as required for Tucker Act claims.[113] And he does not name the Secretary of the Army as a defendant, as required to bring an APA claim in this context.[114] Nor does Mr. Pour allege he properly exhausted his

---

[108] *See Roberts*, 30 F. App'x at 773 (applying the *Feres* doctrine to bar a *Bivens* claim).

[109] *See Hanson*, 552 F.3d at 1153–54 (addressing a former National Guard officer's claim challenging his removal from the Guard).

[110] *See* 28 U.S.C. §§ 1346(a)(2), 1491.

[111] *See* 5 U.S.C. §§ 704, 706.

[112] *See Hanson*, 552 F.3d at 1153–54 (citing *Clinton v. Goldsmith*, 526 U.S. 529, 539–40 (1999)).

[113] *See id.* at 1154–55 (noting claims under the Tucker Acts "must be brought against the United States," and finding the plaintiff did not seek relief under these statutes where he did not reference them in his complaint or name the United States as a defendant).

[114] *See id.* at 1155 (noting "review of an [Army Board for Correction of Military Records] decision under the APA should proceed as a suit against the Secretary of the Army").

administrative remedies under military procedures.[115] In other words, Mr. Pour does not pursue these avenues for judicial review.

Overall, Mr. Pour's federal claims against the defendants in their federal capacities are barred by sovereign immunity and the *Feres* doctrine. These claims are dismissed without prejudice for lack of jurisdiction.

IV. State Constitutional Claim

If all federal claims are dismissed, the court should decline to exercise jurisdiction over any remaining state law claims.[116] Accordingly, the court will not exercise jurisdiction over Mr. Pour's remaining claim under the Utah Constitution (claim 13). This claim is dismissed without prejudice.

## CONCLUSION

The defendants' motion to dismiss[117] is granted. Mr. Pour's USERRA claims are dismissed with prejudice for failure to state a claim. Mr. Pour's federal constitutional

[115] *See id.* at 1151–52 (outlining procedures to seek administrative relief for National Guard discharge, including "review by a civilian Board for Correction of Military Records (BCMR)"). Mr. Pour alleges he filed charges of discrimination with the Equal Employment Opportunity Commission and "Utah Army National Guard EO"; the EEOC issued a notice of right to sue; and the "Utah Army National EO staff refused to resolve [his] complaint." (Am. Compl. ¶¶ 4–5, Doc. No. 21.) But this does not show Mr. Pour exhausted administrative remedies through a military review board, or that there was a final agency action. *See Hanson*, 552 F.3d at 1151–52; *see also* 5 U.S.C. § 704 (requiring "final agency action").

[116] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[117] (Doc. No. 28.)

claims are dismissed without prejudice for lack of jurisdiction. Because the court declines to exercise jurisdiction over Mr. Pour's state law claim, it is dismissed without prejudice. Accordingly, this action is dismissed.

DATED this 30th day of September, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge